**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUAJUN LIU, | No. 11-73020 |
| Petitioner, | Agency No. A099-045-230 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Huajun Liu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process challenges to immigration decisions. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Liu's contentions that the IJ violated her due process rights by allowing multiple direct and cross examinations and by failing to specify the evidentiary bases for the adverse credibility finding, because she failed to exhaust these contentions before the BIA. *See id.* at 678 (court lacks jurisdiction to consider correctable procedural due process challenges that have not been administratively exhausted).

Liu's contention that the BIA deprived her of due process by failing to specify the evidentiary basis for upholding the IJ's adverse credibility finding is not supported by the record, because the BIA provided specific and cogent reasons in support of its determination, with citations to the record. Thus, we reject her contention that the proceedings were fundamentally unfair and deprived her of due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to demonstrate a due process claim). Liu does not otherwise challenge the agency's adverse credibility finding.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**